UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>DAVID LEMONT HILL,<br><br>                              Defendant. | Case No.: 21cr107 WQH<br><br>**ORDER** |

HAYES Judge:

The matter before the Court is the Motion to Dismiss the Information under the Second Amendment ("Motion to Dismiss," ECF No. 65), filed by Defendant David Lemont Hill.

## BACKGROUND

On October 9, 2020, Defendant was arrested and subsequently charged by Information with being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 23.)

Plaintiff United States of America has filed conviction documents indicating that Defendant has been previously convicted of the following felonies in San Diego County Superior Court: Grand Theft on December 29, 1993; Felon in Possession of a Firearm on April 2, 1999; Possession/Purchase of Cocaine Base for Sale on August 1, 2000; False

Imprisonment on November 19, 2005; Felon in Possession of a Firearm on May 20, 2012; and Second-Degree Robbery on July 27, 2012. (ECF No. 67, Ex. 1.)

On August 12, 2022, Defendant filed the Motion to Dismiss. (ECF No. 65.) Defendant contends:

> [B]ecause the government cannot "meet [its] burden to identify an American tradition" that prohibited people with felonies from possessing firearms, § 922(g)(1) "is therefore unconstitutional." At a minimum, the government must present evidence of a historical tradition that would have prohibited a person in Mr. Hill's circumstances from possessing a firearm. If it cannot, the Court must dismiss the information.

*Id*. at 24 (quoting *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2138 (2022). Based upon the decision in *Bruen*, Defendant requests that the Court dismiss the Information or, at minimum, hold an evidentiary hearing.

On August 26, 2022, Plaintiff filed a Response in opposition to the Motion to Dismiss. (ECF No. 67.) Plaintiff contends:

> Perhaps someday Defendant's historical analysis will prevail. But for now, that analysis is not the prevailing view, and the Court should decline to follow it. Indeed, it should decline to wade into the historical analysis at all, as Supreme Court precedent, Ninth Circuit precedent, and persuasive authority from every other circuit are more than enough to decide this case. *Bruen* does not call any of that precedent into question, but instead reinforces it by, among other things, continually focusing on the gun rights of "law-abiding citizens." The Court should thus apply that precedent and deny Defendant's motion to dismiss.

*Id*. at 19.

## DISCUSSION

In *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Supreme Court held that the Second Amendment of the United States Constitution protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 142 S. Ct. at 2122. "[C]onsistent with *Heller* and *McDonald*," the Supreme Court recently held that the Second Amendment also

"protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id*. To justify a gun regulation, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 2126.

The Court stated in *Bruen* that its holding is "in keeping with *Heller*." *Id*. In *Heller*, the Court stated that, "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…." *Heller*, 554 U.S. at 626. The Court referred to the prohibition on the possession of firearms by felons as "presumptively lawful," *id*. at 626 n.26, and stated that "there will be time enough to expound upon the historical justifications" for such a prohibition. *Id*. at 635. The Court reiterated this position in *McDonald* stating: "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons…." *McDonald*, 561 U.S. at 786 (quoting *Heller*, 554 U.S. at 626).

Relying upon *Heller*, the Court of Appeals for the Ninth Circuit has repeatedly held that the felon-in-possession law does not violate the Second Amendment. *See United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016) (stating that, "under Supreme Court precedent and our own," the court "must" "assum[e] the propriety of felon firearm bans"); *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014) ("§ 922(g)(1) continues to pass constitutional muster"); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010) ("§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon"); *cf. Fisher v. Kealoha*, 855 F.3d 1067, 1071 (9th Cir. 2017) (upholding § 922(g)(9), which bars gun possession by a person with a domestic-violence misdemeanor conviction,

against a Second Amendment challenge); *United States v. Chovan*, 735 F.3d 1127, 1141-42 (9th Cir. 2013) (same).[1]

This Court is bound by this Ninth Circuit precedent unless that precedent is "effectively overruled," which occurs when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc). "The clearly irreconcilable requirement is a high standard." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (quotation omitted). "[I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Id*. (quotation omitted).

The issue is whether *Bruen* "effectively overruled" *Heller*, *Vongxay*, and the other post-*Heller* precedent discussed above. In *Bruen*, the majority opinion stated that its holding was "in keeping with *Heller*." *Bruen*, 142 S. Ct. at 2126. Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons…." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring). Justice Alito stated in his concurrence: "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id*. at 2157 (Alito, J., concurring). Justice Breyer, joined by Justices Kagan and Sotomayor, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Id*. at 2189 (Breyer, J., dissenting).

As discussed above, *Bruen* requires that courts look to whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 2126.

---

[1] These Ninth Circuit decisions are consistent with other circuits to have addressed the issue. After *Heller*, the federal Courts of Appeals have unanimously upheld the constitutionality of § 922(g)(1) against facial attacks. *See, e.g., United States v. Bogle*, 717 F.3d 281, 282 n.1 (2d Cir. 2013) (collecting cases).

Consistent with this requirement, the Ninth Circuit in *Vongxay* stated that "[o]ur examination … of historical gun restrictions … lends credence to the post-*Heller* viability" of the court's pre-*Heller* holding that the federal felon-in-possession law, 18 U.S.C. § 922(g)(1), does not violate the Second Amendment. *Vongxay*, 594 F.3d at 1116. The *Vongxay* court stated that, although "the historical question has not been definitively resolved," "most scholars of the Second Amendment agree that the right to bear arms was 'inextricably ... tied to' the concept of a 'virtuous citizen[ry]' that would protect society through 'defensive use of arms against criminals, oppressive officials, and foreign enemies alike,' and that 'the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals)....'" *Id*. at 1118 (quoting Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)) (citations omitted); *see also id*. at 1117 (stating that "[f]elons are often, and historically have been, explicitly prohibited from militia duty") (citation omitted).

The Court finds that the reasoning of *Vongxay* and *Heller*—on which *Vongxay* relies—are not "clearly irreconcilable with the reasoning or theory" of *Bruen*. *Miller*, 335 F.3d at 893. Accordingly, *Bruen* did not "effectively overrule" *Vongxay* and this Court is bound by *Vongxay* and its progeny.[2] For this reason, the Motion to Dismiss is denied.

Moreover, even if this Court were empowered to disregard the binding precedent cited above and engage in the historical analysis requested by Defendant, the Motion to Dismiss would nonetheless be denied. The Court is persuaded by the historical analysis performed by the Court of Appeals for the D.C. Circuit in *Medina v. Whitaker*, 913 F.3d 152, 158-60 (D.C. Cir. 2019), which "look[ed] to tradition and history" and concluded that "the historical evidence and the Supreme Court's discussion of felon disarmament laws leads us to reject the argument that non-dangerous felons have a right to bear arms." *Id*. at 300, 301.

---

[2] Based upon this finding, the Court concludes that an evidentiary hearing is not necessary and Defendant's request for an evidentiary hearing is denied.

And even the expansive view of the Second Amendment espoused by Defendant's cited authorities approves of laws disarming felons who have committed *violent* felonies. In his brief, Defendant includes sixteen citations to the dissent written by then-Judge Barrett in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019). That dissent begins: "History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns. But that power extends only to people who are *dangerous*." *Id*. at 451 (Barrett, J., dissenting). Then-Judge Barrett stated that "founding-era legislatures categorically disarmed groups whom they judged to be a threat to the public safety," *id*. at 458, and approved of precedent permitting laws banning firearms from those who have committed violent crimes or drug offenses. *Id*. at 466. Among Defendant's prior felony convictions are the violent crimes of false imprisonment and robbery and a drug offense. Accordingly, even under an expansive reading of the Second Amendment, the felon-in-possession law would nonetheless be constitutional as applied to Defendant given his prior felony convictions.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss the Information under the Second Amendment (ECF No. 65) is denied.

Dated: September 20, 2022

Hon. William Q. Hayes
United States District Court